Page 2

United States District Court
Southern District of Texas
FILED

SEP 12 2014

David J. Bradley, Clerk

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of Texas | |
|---|---|---|
| **Name** (under which you were convicted): <br> Juan Alberto Vargas-Gonzalez | | Docket or Case No.: <br> 7:12-cr-01150-ALL |
| Place of Confinement: <br> FCI Three Rivers, Texas | Prisoner No.: <br> 16789-179 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| Plaintiff          v. | Juan Alberto Vargas-Gonzalez | |

## MOTION

M-14-831

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court
   Southern District of Texas
   McAllen Division
   1701 W Bus Hwy 83
   McAllen, Texas 78501

   (b) Criminal docket or case number (if you know): 7:12-cr-01150-ALL

2. (a) Date of the judgment of conviction (if you know): 11/28/2012

   (b) Date of sentencing: 11/16/2012

3. Length of sentence: 30 Months

4. Nature of crime (all counts): 8 U.S.C. § 1326(a) and 1326(b) - Unlawful Re-entry

5. (a) What was your plea? (Check one)

   (1)   Not guilty ☐          (2)   Guilty ☒          (3)   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   I pled guilty to Count One

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐



7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9.  If you did appeal, answer the following:

(a) Name of court: Fifth Circuit Court of Appeals

(b) Docket or case number (if you know): United States v. Vargas-Gonzalez, No. 12-41379 (5th Cir. 2013)

(c) Result: Dismissed

(d) Date of result (if you know): October 25, 2013

(e) Citation to the case (if you know): United States v. Vargas-Gonzalez, 543 Fed. Appx. 423 (5th Cir. 2013)

(f) Grounds raised:

N/A

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑ No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:     Yes ❑   No ❑

(2)  Second petition:   Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Sixth Amendment Violation: Ineffective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Laura Fletcher Leavitt rendered ineffective assistance of counsel in violation of the Sixth Amendment by failing to: (1) raise on direct appeal that the district court abused its discretion in imposing Petitioner's federal sentence consecutive to his State sentence; and (2) seek reconsideration of the district court's imposition of consecutive sentences either in a Motion under Fed. R. Crim. P. 33, 35, or just in general terms in a motion for reconsideration.

(SEE MEMORANDUM OF LAW IN SUPPORT FOR ADDITIONAL LEGAL AND FACTUAL ARGUMENTS)

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Because counsel rendered ineffective assistance of counsel by failing to raise these issues.

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) er Question (c)(5) is "No," explain why you did not appeal or raise this issue:    **This is my first 2255 petition.**




**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




GROUND FOUR:


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:  I did not raise the afore-mentioned issues because (1) counsel ineffectively failed to raise them; and (2) claims of IAC are best suited in a motion under 28 U.S.C. § 2255. See <u>Massaro v. United States</u>, 538 U.S. 500, 501 (2003).

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Norman E. McInnis; 1701 W Bus Hwy 83; Suite #405; McAllen, Texas 78501

(b) At arraignment and plea:  (same)

(c) At trial:  N/A

(d) At sentencing:  (same)

(e) On appeal: Laura Fletcher Leavitt; 440 Louisiana St., Ste. #1350; Houston, Texas 77002

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑  No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

      Petitioner's motion is timely filed as it was submitted to prison authorities on or before the last day for filing (i.e., October 25, 2014). See 28 U.S.C. § 2255(f).

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:  (1) that he be granted an evidentiary hearing; (2) be awarded concurrent term of imprisonment with respect to his State and Federal sentences; and (3) that his sentencing judgment entered on 11/16/2012 be amended to reflect concurrent sentences, or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on  _9-9-14_____  (date).

*Juan Alberto Vargas Gonzalez*

Signature of Movant

Pro-se

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Juan Vargas-Gonzalez
Reg# 16789-179 (K-B)
Federal Correctional Institution
P.O. Box 4200
Three Rivers, Tx 78071

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
***

JUAN VARGAS-GONZALEZ,               :
Defendant-Petitioner,               :
                                    :    Case No. 7:12-cr-01150-ALL
                                    :    Civ. No. _____
                                    :
vs.                                 :
                                    :
                                    :    MEMORANDUM OF LAW IN SUPPORT OF MOTION
                                    :    UNDER 28 U.S.C. § 2255(a).
UNITED STATES OF AMERICA,           :
Plaintiff-Respondent.               :
_____        :

_____          _____

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S § 2255 PETITION

_____

## PROCEDURAL HISTORY

On July 24, 2012, a federal grand jury in the McAllen Division of the Southern District of Texas returned a 1-count indictment charging Petitioner with being an alien found knowingly and unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b).

On August 30, 2012, without a plea agreement, Petitioner pleaded guilty to Count One of the Indictment. On November 16, 2012, the District Court sentenced him to serve 30 months of imprisonment in the custody of the Federal Bureau of Prisons and imposed a mandatory special assessment of $100. The District Court did not order payment of a fine or a term of supervised release.

Petitioner filed a timely notice of appeal on November 21, 2012, prior to the entry of written judgment on November 29, 2012. On April 23, 2013, Petitioner's Appellate Counsel file an Anders brief in the Fifth Circuit Court of Appeals. On October 25, 2013, the Fifth Circuit granted appellate counsel's Anders brief, and dismissed the appeal. See United States v. Vargas-Gonzalez, 543 Fed. Appx. 423 (5th Cir. 2013).

## MEMORANDUM OF LAW IN SUPPORT

Federal courts have long enjoyed the power and the duty to "dispose of [habeas corpus petitions] ... as law and justice require." 28 U.S.C. § 2243. Indeed, "[s]ince 1874, the habeas corpus statute has directed the courts to determine the facts and dispose of the case summarily, 'as law and justice require.'" Peyton v. Rowe, 391 U.S. 54, 66-67, 88 S.Ct. 1549, 20 L.ed.2d 426 (1968)(quoting Rev. Stat. § 761 (1874), superseded by 28 U.S.C. § 2243). The "law and justice" requirement has historically been interpreted to confer broad remedial powers on the federal courts: "[t]he court is invested with the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." In re Bonner, 151 U.S. 242,

261, 14 S.Ct. 323, 38 L.ed. 149 (1894).

In any event, a prisoner in federal custody may file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence ... is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Generally, a defendant is required to assert all available claims on direct appeal, and "relief under [] § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Because the Supreme Court has established that district courts on collateral review are better equipped to handle IAC claims, allegations of ineffective counsel fall into this category of claims. See Massaro v. United States, 538 U.S. 500, 506-07, 123 S.Ct. 1690, 155 L.ed.2d 714 (2003). In other words, "an ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under [] § 2255[.]" United States v. Merrill, 513 F.3d 1293, 1308 (11th Cir. 2008); see also Baumann v. United States, 692 F.2d 565, 581 (9th Cir. 1982).

GROUND ONE: Sixth Amendment Violation: Ineffective Assistance

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his Defence." U.S. Const. Amend. 6. The right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. McMann v. Richardson, 397 U.S. 759, 770-71, 90 S.Ct. 1441, 25 L.ed.2d 763 (1970). This Constitutional guarantee attaches to both retained and appointed

-2-

counsel. <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344-45, 100 S.Ct. 1708,
64 L.ed.2d 333 (1980). This right has two components: (1) the right to
counsel's undivided loyalty, <u>Wood v. Georgia</u>, 450 U.S. 261, 272, 101 S.Ct. 1097,
67 L.ed.2d 220 (1981), and (2) the right to reasonably competent counsel,
<u>McMann</u>, 397 U.S. at 770-71.

   In 1984, the United States Supreme Court established a two-prong test
to be used by lower courts in evaluating ineffective assistance claims. See,
e.g., <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.ed.2d 674
(1984). First, the defendant must show that his counsel's performance fell
below an objective standard of reasonableness. <u>Id</u>. at 687-88. Second, the
defendant must show that "there is a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome." <u>Id</u>. at 694. This "requires a substantial, not
just conceivable, likelihood of a different result." <u>Cullen v. Pinholster</u>,
563 U.S. ___, 131 S.Ct. 1388, 1403, 179 L.ed.2d 557 (2011).

   In the case before the Court, counsel Lauar Fletcher Leavitt's
ineffectiveness falls into three categories: (1) failures regarding sentencing;
(2) failures regarding Motions under Rule 33, 35, and seeking reconsideration
of Petitioner's consecutive sentences; and (3) failures regarding the
direct appeal.

**A.**
**SENTENCING PROCEEDING**

**1. Section 3553(a) Factors**

   Section 3553(c) states in relevant part: "The court, at the time of
sentencing, shall state in open court the reasons for its imposition of the
particular sentence, and, if the sentence ... is of the kind, and within
the range, described in subsection (a)(4) and that range exceeds 24 months,

the reason for imposing a sentence at a particular point within the range[.]"
18 U.S.C. § 3353(c). Upon review of the transcript of the sentencing
hearing conducted on November 16, 2012, it is clear that the District
Court did not state reasons consistent with Section 3553(a) for imposing
a consecutive term of imprisonment. (See EXHIBIT #1 at p. 10). Section
3553(a) requires that a District Court take into account: (1) the nature
and circumstances of the offense; (2) the history and characteristics of
the defendant; (3) the need for the sentence imposed to reflect the
seriousness of the offense, promote respect for the law, provide just
punishment, afford adequate deterrence, protect the public, and provide
the defendant with needed educational or vocational training, medical care,
or other correctional treatment in the most efficient manner; (4) the
kinds of sentences available pursuant to the Sentencing Guidelines; (5)
pertinent policy statements issued by the Sentencing Commission; (6) the
need to avoid unwanted sentence disparities; and (7) the need to provide
restitution. See id. § 3553(a). Certainly, the record indicates that the
District Court did not take any of these factors into account when
recommending that his federal sentence run consecutive to his State
sentence.

   Furthermore, the record also reflects that the District Court failed
to comply with 18 U.S.C. § 3584(b) because it failed to weigh on the record
each of the statutorily mandated factors in determining that Petitioner's
sentences should run consecutively. In fact, the only reason given by
the District Court as to why his sentences should be ran consecutively to
one another is that Petitioner had "state charges that [were] different"
and "this is not a situation where he [was just] facing a revocation."
(See EXHIBIT #1 at p. 10). This stated reasoning is troubling for several
reasons. First, it does not give any inclination as to why its reasonable

based on the factors set forth in § 3553(a). Second, Petitioner bears a constitutional right which guarantees him innocence until being proven guilty in a court of law, and that constitutional right diminishes when he is punished based on conduct that has not been submitted to a jury or proven beyond a reasonable doubt, thereby making the significant weight given to pending charges improper. Finally, the pending charges were subsequently dismissed and therefore could not have sufficed as a sufficient basis for ordering his sentence to run consecutively.

a. Strickland Factors

Because counsel could have formed a meritorious objection to the imposition of consecutive sentences, his performance was deficient. See Strickland, 466 U.S. at 687-88. Furthermore, Petitioner was prejudiced by counsel's actions because, had he brought to the Court's attention that using a factor such as pending charges that have not been submitted to a jury or proved beyond a reasonable doubt runs afoul of Petitioner's constitutional right to innocence until being proven guilty in a court of law, there is a reasonable probability that the District Court would have ordered the sentences to run concurrently. And, had the District Court ordered the sentences to run concurrently, he could have received a nunc pro tunc designation and would not currently be in prison.

2. Abuse of Discretion

It is clearly established federal law that a district court abuses its discretion when it "gives significant weight to an improper or irrelevant factor." United States v. Irey, 621 F.3d 1160, 1189 (11th Cir. 2010)(en banc). During sentencing, the District Court stated that the reason it was imposing the guideline range sentence was because Petitioner in 2002 was "engaged in [an] offense" that "help[ed] ... cartels." (See EXHIBIT #1 at p. 9). Upon review of the record, there is absolutely no

-5-

evidence to support the District Court's finding that Petitioner was involved in criminal activity that aided "cartels." More importantly, however, <u>Pepper v. United States</u>, ___ U.S. ___, 131 S.Ct. 1229, 179 L.ed.2d 196 (2011), does not allow a district court to sentence a defendant based on the person he was in 2002 as opposed to the person he is in 2012. <u>Id</u>. at 1241. Accordingly, it appears that the District Court gave significant weight to an improper or irrelevant factor. See <u>Irey</u>, 612 F.3d at 1189.

**a. Strickland Factors**

Certainly, it was counsel's duty to form an objection to the District Court's improper weight to irrelevant factors. Furthermore, Petitioner was prejudiced as a result of counsel's failure to object. First, he was prejudiced because counsel's failure shifted appellate review from clear error to plain error. Surely, the Court is well aware that plain error is a much more difficult standard to overcome than clear error. Second, he was prejudiced because there exists a reasonable probability that the Court would not have sentenced him within his guideline range and departed downward had counsel objected.

**B.**
**RULE 33, 35, AND RECONSIDERATION MOTIONS**

Petitioner contends that counsel should have filed either a Rule 33 motion, Rule 35 motion, or motion for reconsideration in connection with the imposition of consecutive sentences after learning that the pending State charges which formed the basis for the consecutive sentences were dismissed. Based on counsel's failure to file a timely motion under Rule 33, Rule 35, or just in general terms, it resulted in the lost opportunity to pursue an otherwise meritorious issue; that being, that the District Court abused its discretion in imposing consecutive sentences based on charges that were dismissed. Petitioner is entitled to an evidentiary hearing

on this matter because counsel's failures resulted in a forfeited Rule 33, Rule 35, or general reconsideration motion appeal.

## C.
## DIRECT APPEAL

Petitioner contends that counsel rendered ineffective assistance for failing to raise on direct appeal: (1) the claim that the district court gave improper weight to irrelevant and unsupported factors; (2) the sentence was unreasonable because the district court did not consider the factors enumerated in § 3553(a), as required by § 3584; (3) the sentence was unreasonable because it sentenced him for conduct that he was already punished for in 2002; (4) the sentence was unreasonable because the district court did not state its reasons for finding that a guideline sentence was necessary; and (5) the sentence was unreasonable because the District Court did not state adequate reasons for finding consecutive sentences were in order.

As a result of counsel's failure to raise these issues on appeal, the issues were waived and cannot be couched in a § 2255 motion. As such, Petitioner was prejudiced as a result of counsel's failures and the direct appeal should be reopened so that Petitioner can file an out-of-time appeal.

## CONCLUSION

WHEREFORE, premise considered, Petitioner prays that this Honorable Court will grant his motion under Section 2255.

RESPECTFULLY SUBMITTED THIS _9_ DAY OF SEPTEMBER, 2014.

s/ Juan Alberto Vargas Gonzalez
Juan Vargas-Gonzalez
#16789-179
Pro-se

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing motion and memorandum of law were filed this _9_ day of September, 2014, by placing the same into the United States Mail, prepaid postage, using first-class stamps, and certified for delivery to;


United States District Court
Southern District of Texas
McAllen Division
1701 W Bus Hwy
McAllen, Texas 78501


United States Attorney's Office
1701 W Bus Hwy, Ste. #600
McAllen, Texas 78501


s/Juan Alberto Vargas Gonzalez
Juan Vargas-Gonzalez
Pro-se

-8-

JUAN ALBERTO VARGAS-GONZALEZ
REG. NO. 16799-179
FEDERAL CORRECTIONAL INSTITUTION FCI
P. O. BOX 4200
THREE RIVERS, TEXAS 78071

*****LEGAL MAIL*****LEGAL MAIL*****

CLERK OF THE COURT
UNITED STATES DISTRICT
SOUTHERN DISTRICT OF
MCALLEN DIVISION
1701 WEST BUSINESS 83
MCALLEN, TEXAS 78501

CERTIFIED MAIL

FOLD STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 0150 0001 2672 5098

